**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NOVELPOINT LEARNING LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 6:10-cv-229 |
| | § |
| LEAPFROG ENTERPRISES, INC., | § JURY TRIAL DEMANDED |
| VTECH HOLDINGS LIMITED, | § |
| VTECH ELECTRONICS NORTH AMERICA, | § |
| LLC, | § |
| and | § |
| SMALL WORLD TOYS, | § |
| Defendants. | § |

## ANSWER OF DEFENDANT VTECH HOLDINGS LIMITED'S TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant VTech Holdings Limited ("VTech Holdings") answers and asserts its affirmative defenses to Plaintiff's Second Amended Complaint ("Complaint") filed on July 21, 2010, in paragraphs numbered and sections labeled to correspond to the Complaint, as follows:

## JURISDICTION

1.      Admitted.

2.      VTech Holdings admits that this Court has subject matter jurisdiction over Plaintiff's claims.

3.      VTech Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.      VTech Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

**VTECH HOLDINGS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT – Page 1**

5.      VTech Holdings admits that VTech Holdings is a company registered in Hong Kong, with its principal office located at 23rd Floor Tai Pin Industrial Centre, Block 1, 57 Ting Kok Road, Tai Po, Hong Kong.  Except as expressly admitted, VTech Holdings denies the remaining allegations of paragraph 5.

6.      VTech Holdings admits that VTech NA is an Illinois limited liability company with its principal office located at 1155 W. Dundee, Suite 130, Arlington Heights, Il 60004. VTech Holdings admits that VTech NA ships Bugsby Reading System products into the State of Texas and, under information and belief, that the Bugsby Reading System products are sold through third-party retailers in the State of Texas.  Except as expressly admitted, VTech Holdings denies the remaining allegations of paragraph 5.

7.      VTech Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8.      VTech Holdings denies each and every allegation in paragraph 8 with respect to VTech Holdings.  VTech Holdings admits that VTech NA has and does sell products within the State of Texas, but denies that VTech NA has committed acts of infringement.  Except as expressly admitted, VTech Holdings denies the remaining allegations of paragraph 8.

## VENUE

9.      VTech Holdings denies and every allegation in paragraph 9 with respect to VTech Holdings and denies that this Court has personal jurisdiction over VTech Holdings, but for the purposes of this action only, VTech Holdings will not contest personal jurisdiction or that venue is proper in this district.  VTech Holdings denies that venue in this district is convenient for the parties and witnesses, nor in the interests of justice.  VTech Holdings denies that it has committed patent infringement in this District, as required for venue to be proper in this District

pursuant to 28 U.S.C. §1400(b) and, accordingly, denies venue is proper pursuant to that statute. Except as expressly admitted, VTech Holdings denies the remaining allegations of paragraph 9.

### <u>COUNT I – INFRINGEMENT OF UNITED STATES PATENT NO. 6,330,427</u>

10.     VTech Holdings incorporates by reference its answers to the allegations of paragraphs 1 through 9 as set forth above.

11.     Admitted.

12.     VTech Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13.     Admitted.

14.     Denied.

15.     VTech Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16.     VTech Holdings admits that it and VTech NA had knowledge of United States Patent No. 6,330, 427 ("the '427 patent") after the filing of the original complaint in this lawsuit. Except as expressly admitted, VTech Holdings denies the remaining allegations of paragraph 16.

17.     VTech Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18.     Denied.

19.     VTech Holdings is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.     Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. VTech Holdings denies the allegations of Plaintiff's Prayer for Relief against VTech Holdings and VTech NA and denies that Plaintiff is entitled to any relief whatsoever with respect to VTech Holdings and VTech NA.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Second Amended Complaint, VTech Holdings alleges as follows:

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

21.    VTech Holdings does not and has not infringed, directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, willfully or in any other manner, any valid and enforceable claim of the '427 patent.

## SECOND AFFIRMATIVE DEFENSE – INVALIDITY

22.    One or more claims of the '427 patent are invalid and unenforceable for failure to comply with one or more of the requirements set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

23.    VTech Holdings is informed and believes, and thereon alleges, that the relief sought by Plaintiff as to the '427 patent is barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## FOURTH AFFIRMATIVE DEFENSE – ESTOPPEL, WAIVER AND LACHES

24.     VTech Holdings is informed and believes, and thereon alleges, that the relief sought by Plaintiff as to the '427 patent is barred in whole or in part by the doctrines of estoppel, waiver and laches.

## FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

25.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE – FAILURE TO MARK

26.     VTech Holdings is informed and believes, and thereon alleges, that the relief sought by Plaintiff is limited by the marking and notice provisions of 35 U.S.C. § 287.

## RESERVATION OF ADDITIONAL DEFENSES

27.     VTech Holdings reserves the right to assert additional affirmative defenses that may become available through information developed in discovery, at trial or otherwise.

## RELIEF SOUGHT

WHEREFORE, VTech Holdings requests the Court grant the following relief:

Judgment dismissing all claims asserted in the Complaint, with prejudice;

For any claims decided on the merits, judgment in favor of VTech Holdings and against all claims asserted by NovelPoint, and that NovelPoint receive nothing sought through their claims;

Judgment that pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11 and/or other applicable authority, NovelPoint be ordered to pay all of VTech Holdings' costs, expenses and reasonable attorneys' fees incurred in this action; and

Other relief that the Court may determine to be just and proper.

Respectfully submitted,

/s/ Morgan D. Vaughan
Darby V. Doan
Texas Bar No. 00793622
Morgan D. Vaughan
Texas Bar No. 24060769
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
(903) 255-1000 telephone
(903) 255-0800 facsimile

Richard E. Dick
James R. Nuttall
Daniel S. Stringfield
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000 telephone
(312) 775-8100 facsimile
Attorneys for Defendant,

VTECH HOLDINGS LIMITED and Defendant-
Counterclaimant, VTECH ELECTRONICS
NORTH AMERICA, LLC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).   All other counsel of record will be served by certified mail, return receipt requested, this 16th day of August, 2010.

/s/ Morgan D. Vaughan
Morgan D. Vaughan