**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NOVELPOINT LEARNING LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEAPFROG ENTERPRISES, INC.,<br>VTECH HOLDINGS LIMITED,<br>VTECH ELECTRONICS NORTH AMERICA, LLC,<br>and<br>SMALL WORLD TOYS,<br>Defendants. | §§§§§§§§§§§§§§ Civil Action No. 6:10-cv-229<br><br>JURY TRIAL DEMANDED |

**ANSWER OF DEFENDANT VTECH ELECTRONICS NORTH AMERICA'S TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant VTech Electronics North America, LLC ("VTech NA") answers and asserts its affirmative defenses to Plaintiff's Second Amended Complaint ("Complaint") filed on July 21, 2010, in paragraphs numbered and sections labeled to correspond to the Complaint, as follows:

**JURISDICTION**

1. Admitted.

2. VTech NA admits that this Court has subject matter jurisdiction over Plaintiff's claims.

3. VTech NA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4. VTech NA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

**VTECH NA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** – Page 1

5. VTech NA admits that VTech Holdings Limited ("VTech Holdings") is a company registered in Hong Kong, with its principal office located at 23rd Floor Tai Pin Industrial Centre, Block 1, 57 Ting Kok Road, Tai Po, Hong Kong. Except as expressly admitted, VTech NA denies the remaining allegations of paragraph 5.

6. VTech NA admits that VTech NA is an Illinois limited liability company with its principal office located at 1155 W. Dundee, Suite 130, Arlington Heights, Il 60004. VTech NA admits that VTech NA ships Bugsby Reading System products into the State of Texas and, under information and belief, that the Bugsby Reading System products are sold through third-party retailers in the State of Texas. Except as expressly admitted, VTech NA denies the remaining allegations of paragraph 5.

7. VTech NA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8. VTech NA admits that it has and does sell products within the State of Texas, but it denies that it has committed acts of infringement. Except as expressly admitted, VTech NA denies the remaining allegations of paragraph 8.

## VENUE

9. VTech NA does not contest that venue is proper in this district under 28 U.S.C. §1391(c) with respect to VTech NA and with respect to this case only, but denies that venue in this district is convenient for the parties and witnesses, nor in the interests of justice. VTech NA denies that it has committed patent infringement in this District, as required for venue to be proper in this District pursuant to 28 U.S.C. §1400(b) and, accordingly, denies venue is proper pursuant to that statute. Except as expressly admitted, VTech NA denies the remaining allegations of paragraph 9.

**VTECH NA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** – Page 2

## COUNT I – INFRINGEMENT OF UNITED STATES PATENT NO. 6,330,427

10. VTech NA incorporates by reference its answers to the allegations of paragraphs 1 through 9 as set forth above.

11. Admitted.

12. VTech NA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. Admitted.

14. Denied.

15. VTech NA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16. VTech NA admits that it and VTech Holdings had knowledge of United States Patent No. 6,330, 427 ("the '427 patent") after the filing of the original complaint in this lawsuit. Except as expressly admitted, VTech NA denies the remaining allegations of paragraph 16.

17. VTech NA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18. Denied.

19. VTech NA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20. Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. VTech NA denies the allegations of Plaintiff's Prayer for Relief against VTech NA and VTech Holdings and denies that Plaintiff is entitled to any relief whatsoever with respect to VTech NA and VTech Holdings.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Second Amended Complaint, VTech NA alleges as follows:

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

21. VTech NA does not and has not infringed, directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, willfully or in any other manner, any valid and enforceable claim of the '427 patent.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

22. One or more claims of the '427 patent are invalid and unenforceable for failure to comply with one or more of the requirements set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

23. VTech NA is informed and believes, and thereon alleges, that the relief sought by Plaintiff as to the '427 patent is barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

### FOURTH AFFIRMATIVE DEFENSE – ESTOPPEL, WAIVER AND LACHES

24. VTech NA is informed and believes, and thereon alleges, that the relief sought by Plaintiff as to the '427 patent is barred in whole or in part by the doctrines of estoppel, waiver and laches.

### FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

25. The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE – FAILURE TO MARK

26. VTech NA is informed and believes, and thereon alleges, that the relief sought by Plaintiff is limited by the marking and notice provisions of 35 U.S.C. § 287.

### RESERVATION OF ADDITIONAL DEFENSES

27. VTech NA reserves the right to assert additional affirmative defenses that may become available through information developed in discovery, at trial or otherwise.

### COUNTERCLAIMS

Defendant and Counter-Plaintiff VTech NA asserts the following counterclaims against Plaintiff and Counter-Defendant NovelPoint Learning LLC ("Plaintiff " or "NovelPoint") as follows:

### PARTIES, JURISDICTION AND VENUE

28. VTech NA incorporates by reference what is set out in the preceding paragraphs as if fully set forth herein.

29. Counter-Plaintiff VTech NA is a company organized and existing under the laws of the state of Illinois and has its principle place of business at 1155 West Dundee Road, Arlington Heights, Illinois 60004.

30. Upon information and belief, according to its Complaint, Counter-Defendant NovelPoint is a Texas limited liability company with its principal office located at 1117 Sophia Street, Allen, Texas, 75013.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, which seek declaratory judgment and other relief related to patent claims, and also pursuant to 28 U.S.C. § 1367, as related to claims that are part of the same case or controversy.

32. Based on the Complaint filed by NovelPoint against VTech NA, accusing VTech NA of infringing the '427 patent, which VTech has denied, an actual case or controversy exists between them relating to the alleged infringement and validity of the '427 patent.

33. A judicial declaration is necessary and appropriate at this time in order that VTech NA may ascertain its rights and duties with respect to the '427 patent.

34. This Court has personal jurisdiction over NovelPoint.

35. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) – (c) and 1400(b).

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '427 PATENT

36. VTech NA alleges and incorporates by reference the allegations of paragraphs 28-35 of its Counterclaims.

37. Neither VTech NA, nor any customers or retailers of VTech NA's products, infringes or has infringed, directly, indirectly, contributorily, by inducement, under the doctrine

of equivalents, willfully or in any other manner, any valid and enforceable claim of the '427 patent.

38.     VTech NA is entitled to a declaration that neither VTech NA, nor any customers or retailers of VTech NA's products, has infringed and is not infringing any claim of the '427 patent, to ascertain its rights and duties with respect to the accusations in NovelPoint's Complaint.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF THE '427 PATENT

39.     VTech NA alleges and incorporates by reference the allegations of paragraphs 28-38 of its Counterclaims.

40.     One or more claims of the '427 patent are invalid and unenforceable for failure to comply with one or more of the requirements set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

41.     VTech NA is entitled to a declaration that one or more of the claims of the '427 patent are invalid, to ascertain its rights and duties with respect to the accusations in NovelPoint's Complaint.

## RELIEF SOUGHT

WHEREFORE, VTech NA requests the Court grant the following relief:

Judgment dismissing all claims asserted in the Complaint, with prejudice;

For any claims decided on the merits, judgment in favor of VTech NA and against all claims asserted by NovelPoint, and that NovelPoint receive nothing sought through their claims;

Declaratory judgment that neither VTech NA, nor any customers or retailers of VTech NA's products, infringes any claims of the '427 patent;

Declaratory judgment that the '427 patent is invalid;

**VTECH NA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** – **Page 7**

Judgment that pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11 and/or other applicable authority, NovelPoint be ordered to pay all of VTech NA's costs, expenses and reasonable attorneys' fees incurred in this action; and

Other relief that the Court may determine to be just and proper.

Respectfully submitted,

/s/ Morgan D. Vaughan
Darby V. Doan
Texas Bar No. 00793622
Morgan D. Vaughan
Texas Bar No. 24060769
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
(903) 255-1000 telephone
(903) 255-0800 facsimile

Richard E. Dick
James R. Nuttall
Daniel S. Stringfield
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000 telephone
(312) 775-8100 facsimile
Attorneys for Defendant,

VTECH HOLDINGS LIMITED and Defendant-Counterclaimant, VTECH ELECTRONICS NORTH AMERICA, LLC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). All other counsel of record will be served by certified mail, return receipt requested, this 16th day of August, 2010.

/s/ Morgan D. Vaughan
Morgan D. Vaughan