UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NOVELPOINT LEARNING LLC,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>  v.<br><br>LEAPFROG ENTERPRISES, INC. and VTECH ELECTRONICS NORTH AMERICA, LLC,<br><br>    Defendants and Counterclaim-Plaintiffs,<br><br>  and<br><br>VTECH HOLDINGS LIMITED and SMALL WORLD TOYS,<br><br>    Defendants. | Civil Action No. 6:10-cv-229<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO TRANSFER
<u>VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. THIS CASE COULD HAVE BEEN BROUGHT IN CALIFORNIA ............................... 1

III. THE NORTHERN DISTRICT OF CALIFORNIA IS A CLEARLY MORE CONVENIENT FORUM.................................................................................................... 2

    A. Plaintiff's Recent and Ephemeral Existence in the Eastern District of Texas is Not Entitled to Any Weight in the Transfer Analysis ............................ 2

    B. Plaintiff's Tactical Transport of Documents into the Eastern District of Texas is Entitled to No Weight in the Transfer Analysis ....................................... 3

    C. The Location of Evidence and Witnesses and the Local Interest in the Northern District of California Both Strongly Favor Transfer ............................... 4

    D. Neither LeapFrog's Austin-Based nor VTech's Arkansas-Based Witnesses Have Relevant Information and are Unlikely to be Witnesses at Trial .................. 5

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546 (E.D. Tex. 2009) ....... 1, 2

*Chirife v. St. Jude Med., Inc.*,
    No. 6:08 CV 480, 2009 U.S. Dist. LEXIS 50482 (E.D. Tex. June 16, 2009) ........................... 2

*Hoffmann-La Roche*, 587 F.3d at 1336-1337 (Fed. Cir. 2009) ....................................................... 4

*HTI IP, LLC v. DriveOK, Inc.*,
    No. 6:09-CV-370, 2010 U.S. Dist. LEXIS 82691 (E.D. Tex. Aug. 4, 2010) ......................... 2, 4

*In re Apple Inc.*, 2010 U.S. App. LEXIS 9686 (Fed. Cir. May 12, 2010) ...................................... 3

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) ................................................................ 4, 5

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) .......................................................... 5

*In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) .................................................... 2, 3

*Software Rights Archive, LLC v. Google, Inc.*,
    No. 2:07-CV-511-CE, 2010 U.S. Dist. LEXIS 73972 (E.D. Tex. July 22, 2010) ...................... 1

## I.    INTRODUCTION

As set forth in Defendants' Motion to Transfer, (Dkt. No. 44), there is no basis for this case to be in the Eastern District of Texas.[1]  Plaintiff's Opposition, (Dkt. No. 49), is founded on at least three faulty premises: (1) this case could not have been brought in the Northern District of California; (2) Plaintiff's recent and ephemeral presence in, and transport of documents into, the Eastern District of Texas is entitled to weight; and (3) the central location of the Eastern District of Texas warrants keeping this suit here.  As discussed below, Plaintiff's Opposition is contrary to both the law and the facts and Defendants' Motion should therefore be granted.

## II.    THIS CASE COULD HAVE BEEN BROUGHT IN CALIFORNIA

As confirmed by the very case law upon which Plaintiff relies, this suit "could have been brought" in the Northern District of California based on Plaintiff's allegations of nationwide patent infringement by VTech Holdings.  Parties seeking transfer "need only present a prima facie case for personal jurisdiction."  *Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546, 551 (E.D. Tex. 2009).  Such a prima facie case was established in *Balthasar* through declarations indicating that accused acts of infringement *likely* occurred in the Northern District of California.  *Id.* at 550, 552.  The *Balthasar* court found that if the plaintiff asserted that its allegations of nationwide infringement were sufficient to establish personal jurisdiction over non-Texas defendants in the Eastern District of Texas, and the allegedly infringing conduct also likely took place in the Northern District of California, then personal jurisdiction would be equally established there.  *Id.* at 552; *see also Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511-CE, 2010 U.S. Dist. LEXIS 73972, at *8 (E.D. Tex. July 22, 2010) ("As [plaintiff] has accused [defendant] of nationwide acts of infringement, including the Eastern District of

---

[1] Defendant Small World Toys has been dismissed from this action.  (*See* Dkt. No. 50.)  The remaining three defendants, LeapFrog Enterprises, Inc. ("LeapFrog"), VTech Holdings Limited and VTech Electronics North America LLC (jointly, "VTech") are herein collectively referred to as "Defendants."

Texas and the Northern District of California, the Northern District of California has at least specific jurisdiction over [defendant].").[2]

Here, like in the above-discussed cases, Plaintiff asserted when it brought this suit that the Eastern District of Texas "has personal jurisdiction over VTech Holdings because VTech Holdings has committed, and continues to commit, acts of infringement in the state of Texas …." (Dkt. No. 1 at ¶ 5.)  It is undisputed that the accused VTech Bugsby products are sold throughout the United States.  (*See* Dkt. No. 44 at 4.)  Thus, if specific jurisdiction were proper in the Eastern District of Texas at the time this lawsuit was brought—as Plaintiff alleged it was—then specific jurisdiction was equally proper at that time in the Northern District of California and this case "could have been brought" there.  *See Balthasar*, 654 F. Supp. 2d 546 at 552.

### III.     THE NORTHERN DISTRICT OF CALIFORNIA IS A CLEARLY MORE CONVENIENT FORUM

#### A.     Plaintiff's Recent and Ephemeral Existence in the Eastern District of Texas is Not Entitled to Any Weight in the Transfer Analysis

While Plaintiff might be correct that there is nothing "sinister" about it being located in the Eastern District of Texas, (*see* Dkt. No. 49 at 9), the Federal Circuit Court of Appeals made it clear that when a party's presence in the Eastern District is "recent, ephemeral and an artifact of litigation," it is entitled to **no weight** in the transfer analysis.  *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010).  The *Zimmer* court found that the district court below erroneously declined "to scrutinize litigants' business decisions in order to determine whether

---

[2] This case is distinguishable from the Court's decision in *Chirife v. St. Jude Med., Inc.*, No. 6:08 CV 480, 2009 U.S. Dist. LEXIS 50482 (E.D. Tex. June 16, 2009) (cited by Plaintiff).  There, instead of relying on plaintiff's allegations of nationwide infringement to demonstrate "specific" jurisdiction, the defendants relied on, *inter alia*, merely having a handful of employees and paying a lease in the transferee district in an attempt to establish "general" jurisdiction there, which the Court recognized is a "fairly high" standard.  *Id.* at **8-9.  More recently, and more applicable here, this Court analyzed the application of California's long-arm statute through the lens of "specific" jurisdiction and found that a patent infringement suit "could have been brought" in the Southern District of California where the out-of-state defendant's accused products were offered for sale there.  *See HTI IP, LLC v. DriveOK, Inc.*, No. 6:09-CV-370, 2010 U.S. Dist. LEXIS 82691, at **13-15 (E.D. Tex. Aug. 4, 2010) (Davis, J.).

opening an office in a particular location has a legitimate business purpose or is merely a 'tactic … to manipulate venue.'" *Id.* at 1380.

Though aware of the *Zimmer* decision, (*see* Dkt. No. 49 at 13, n.10), Plaintiff surprisingly relies on a passage from *Personal Audio, LLC v. Apple, Inc.* that is contrary to this binding precedent. (Dkt. No. 49 at 9-10.) Plaintiff's reliance is particularly misleading because it fails to acknowledge the Federal Circuit's express disapproval of the *Personal Audio* court's reasoning on this very point: "To be sure, the status of Personal Audio, LLC, as a Texas corporation **is not entitled to significant weight**, inasmuch as the company's **presence in Texas appears to be both recent and ephemeral**--its office is apparently the office of its Texas litigation counsel, and it appears not to have any employees in Texas." *In re Apple Inc.*, 2010 U.S. App. LEXIS 9686, at *3 (Fed. Cir. May 12, 2010) (emphases added).[3] Assuming Plaintiff is correct that the facts in *Personal Audio* are "very similar to those here," (Dkt. No. 49 at 10), then Plaintiff's status as a Texas corporation is likewise "not entitled to significant weight." *In re Apple*, 2010 U.S. App. LEXIS 9686, at *3.[4]

### B. Plaintiff's Tactical Transport of Documents into the Eastern District of Texas is Entitled to No Weight in the Transfer Analysis

Plaintiff also incorrectly asserts that its recent—and apparently still ongoing—transport of documents into the Eastern District of Texas is entitled to weight in the transfer analysis. (*See* Dkt. No. 49 at 3-5.)[5] This assertion is contrary to *In re Hoffmann-La Roche Inc.*, where the Federal Circuit held that the tactical transport of 75,000 pages of documents demonstrating

---

[3] The Federal Circuit's denial of mandamus in *In re Apple* was not based on the plaintiff's "recent and ephemeral" presence in Texas, as Plaintiff would lead the Court to believe based on its misleadingly truncated citation to the decision, but rather, was denied on the basis that none of the defendants was headquartered in the proposed transferee district. *See In re Apple Inc.*, *supra*, at **3-4. That is not the case here, as LeapFrog is headquartered in the Northern District of California. (*See* Dkt. No. 44 at 2.)

[4] Even considering the convenience of Plaintiff's party witnesses, their claims that travel to the Northern District of California is burdensome for them is belied by the fact that all three are principals in a business that maintains an office in San Francisco, which is within that district. (*See* Dkt. No. 44 at 5 n.6.)

[5] Even if considered, this is likely to be an insubstantial volume of materials compared to Defendants' documents.

conception and reduction to practice from California to the offices of its litigation counsel in Texas was nothing more than "a fiction which appears to be have been created to manipulate the propriety of venue." *Hoffmann-La Roche*, 587 F.3d at 1336-1337 (Fed. Cir. 2009).[6] Thus here, like in *Hoffman-LaRoche*, the location of documents and materials transported into the District should be given no weight. *See id.*

### C. The Location of Evidence and Witnesses and the Local Interest in the Northern District of California Both Strongly Favor Transfer

In an attempt to counter the demonstrated concentration of evidence and witnesses in the Northern District of California—and corresponding lack of evidence and witnesses in the Eastern District of Texas—Plaintiff lists mileages to assumed non-Texas and non-California witnesses in apparent reliance on the centralized location of the Eastern District of Texas. (Dkt. No. 49 at 11-12.)[7] Such reliance is flawed, not only because the listed Arkansas and Austin-based witnesses are irrelevant, *see infra*, but also because it is again in conflict with the Federal Circuit's prior holdings. In *In re Genentech, Inc.*, 566 F.3d 1338, 1344-1345 (Fed. Cir. 2009), the Federal Circuit rejected reliance on the "centralized location" of the Eastern District of Texas and granted a petition for mandamus ordering transfer on facts similar to those here: witnesses and evidence outside of the transferee district, but at least one defendant headquartered there. Plaintiff's reliance on the central location of the District must be similarly disregarded here.

Further, as Plaintiff concedes, there are no non-party witnesses whom this Court can compel. (Dkt. No. 49 at 11.) On the other hand, Defendants have identified 10 former LeapFrog

---

[6] This Court has also held that "documents that have been moved to a particular venue in anticipation of a venue dispute should not be considered." *HTI IP*, 2010 U.S. Dist. LEXIS 82691, at *7 (citing *Hoffmann-La Roche*).

[7] The raw mileages cited by Plaintiffs do not take into account the realities of travel to Tyler, Texas as compared to San Francisco. *See HTI IP*, 2010 U.S. Dist. LEXIS 82691, at **9-10 ("[T]he existence or non-existence of direct flights can impact the analysis of travel time. . . regardless of the 'straight line' distances . . .if 'travel time' distances favor the transferee venue, then this factor will favor transfer."). For example, for witnesses in the Chicago-area (such as VTech NA employees or Mr. Prendergast, the attorney who prosecuted the asserted patent), it would take them the exact same time to fly to either Tyler or San Francisco. (*See* Supp. Stringfield Decl. at ¶¶ 6-7.) For the named inventor in Florida, the difference is only an hour and a half. (*Id.* at ¶¶ 8-9.)

employees that had important roles in the development, engineering, and marketing of the accused Tag™ and Tag™ Junior products. (Ex. A, Supp. Lattuga Decl. at ¶5.) All of these former employees are located within the Northern District of California, (*see id.*), giving that court "absolute" subpoena power over them. *See Hoffmann-La Roche*, 587 F.3d at 1337-38. Thus, the court's ability to secure the attendance of these witnesses favors transfer. *See id.*; *Genentech*, 566 F.3d at 1345; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008).

Finally, when weighing the local interest of the Northern District of California, which has at stake the work and reputation of approximately 350 families, (*see* Dkt. No. 44 at 14), against the interest of the Eastern District of Texas, which has, at best, arguably only one, it is clear that the citizens of the Northern District of California have a much stronger local interest.[8]

### D. Neither LeapFrog's Austin-Based nor VTech's Arkansas-Based Witnesses Have Relevant Information and are Unlikely to be Witnesses at Trial

In a last attempt to give this case even the appearance of a Texas connection, Plaintiff makes unfounded assumptions about the relevance of certain LeapFrog and VTech employees outside the Eastern District of Texas. (Dkt. No. 49 at 12-13.) This is a red herring, not only because the existence of a paucity of scattered witnesses outside of the transferee and transferor districts does not impact the transfer analysis, *see supra*, but because these assumptions are directly contrary to LeapFrog and VTech's original declarations stating that relevant evidence and witnesses are located in the Northern District of California, the Northern District of Illinois and Asia. (Dkt. No. 44 at 2-4.) However, to remove any doubt, Defendants have submitted supplemental declarations confirming the non-relevance of these witnesses. (*See* Ex. A, Supp. Lattuga Decl., at ¶¶ 3-4; Ex. B, Supp. To Decl., at 2-4.)

---

[8] Plaintiff mentions its compliance with its Texas franchise tax responsibilities no less than three times, (*see* Dkt. No. 49 at 3, 9, 15), but fails to say whether it has <u>paid</u> franchise taxes in Texas (which are based upon gross receipts) or merely filed a Texas Franchise <u>No Tax Due</u> Information Report.

Respectfully submitted,

| */s/ Daniel S. Stringfield* | /s/ *Theodore T. Herhold* |
|---|---|
| Darby V. Doan<br>Texas Bar No. 08809050<br>Morgan D. Vaughan<br>Texas Bar No. 24060769<br>HALTOM & DOAN<br>6500 Summerhill Road, Suite 100<br>Texarkana, Texas 75503<br>(903) 255-1000<br>(903) 255-0800 facsimile<br><br>Richard E. Dick<br>James R. Nuttall<br>Daniel S. Stringfield<br>MCANDREWS, HELD & MALLOY, LTD.<br>500 West Madison Street, 34th Floor<br>Chicago, Illinois 60661<br>(312) 775-8000<br>(312) 775-8100 facsimile<br><br>Attorneys for Defendants, VTECH HOLDINGS LIMITED, and Defendants-Counterclaimants, VTECH ELECTRONICS NORTH AMERICA, LLC | Theodore T. Herhold<br>CA State Bar No. 122895<br>ttherhold@townsend.com<br>Julie J. Han<br>CA State Bar No. 215279<br>jjhan@townsend.com<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301<br>Tel.: (650) 326-2400<br>Fax: (650) 326-2422<br><br>Attorney for Defendants-Counterclaimants, LEAPFROG ENTERPRISES, INC. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). All other counsel of record will be served by certified mail, return receipt requested, this 23rd day of September, 2010.

>                 */s/ Daniel S. Stringfield*
>                 Daniel S. Stringfield