# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| NOVELPOINT LEARNING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 6:10-cv-229 JDL |
| | § | |
| LEAPFROG ENTERPRISES, | § | JURY DEMANDED |
| INC., et al, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment of Invalidity for Indefiniteness and Lack of Written Description (Doc. No. 107). Plaintiff has responded (Doc. No. 110), to which Defendants have replied (Doc. No. 114). The Court heard argument on January 12, 2012. Upon consideration of the parties' arguments, Defendants' motion is **DENIED**.

## BACKGROUND

### I. The Patent at Issue

The '427 patent "relates to the field of talking novelty devices or toys." '427 patent at 1:4-5. Specifically, the patent is directed to "a toy with a talking pointer and book." *Id.* at 1:5-6. "Each page [of the book] contains a contact capable of being detected by the audio signal generator [pointer]. The pointer retrieves data from the memory corresponding to the selected page and converts it into an audible signal." Essentially, the reader uses a pointer, which includes a speaker, to touch a contact on a particular page of a book. *See id.* at 3:64-65. The information associated with that particular contact is then used to "generate an audible signal that corresponds with the discrete printed subject matter on the selected page of the book." *See id.* at 3:65-4:1.

The intent of the invention is to provide a more stimulating reading experience for children by providing a novelty item or toy, a book, and a sound source, the sound source capable of being removed from the novelty item and producing realistic sounds. *Id.* at 1:25-40. "By permitting the sound source to be removed from the novelty item, the reader, particularly a young child, can more actively and more realistically act out the story along with the characters in the book." *Id.* at 1:35-38.

## II. The Claims at Issue

Defendants contend independent claims 16 and 21 are indefinite. MTN AT 1. Specifically, Defendants argue that Claim 16 and dependent claims 17-20 are indefinite under 35 U.S.C. § 112 ¶ 2, and further, that Claim 21 and dependent claims 22-24, are invalid for both indefiniteness and lack of written description. *Id.* at 2.

Claims 16 and 21 of the '427 patent are set forth below as representative of the issues in dispute, with the disputed terms in bold:

> 16. A novelty device comprising:
> (a) a novelty character;
> (b) a pointer capable of being supported by the novelty character and including an audio signal generator having a memory to store data and a speaker to provide an audible signal, the pointer having a housing in which the memory and speaker are located; and
> (c) a book separate from the audio signal generator including a plurality of pages having different printed information and at least one page containing a **different contact** capable of being detected by the audio signal generator and retrieving data from the memory corresponding to the printed information of the selected page and converting the data into an audible signal.
>
> 21. A novelty device comprising:
> (a) an audio signal generator including a memory to store data and a speaker to provide an audible signal, wherein the audio signal generator is capable of being held by a user's hand, the audio signal generator having a housing which the memory and speaker are

> located and being physically separate from the **display**; and
>    (b) a **display** having printed information and an electrical contact capable of being detected by the audio signal generator and capable of closing a circuit which retrieves data from the memory relating to the printed information and converts the data into an audible verbal signal corresponding to the printed information.

'427 patent at 5:14-27 (Claim 16); 6:7-19 (Claim 21).

## LEGAL STANDARD

### I. Summary Judgment Standard

"Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Nike Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 646 (Fed. Cir. 1994); FED. R. CIV. P. 56(c). The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial." FED. R .CIV. P. 56(e); *see also T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987).

### II. Indefiniteness

A party seeking to invalidate a patent must overcome a presumption that the patent is valid. *See* 35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. Partnership*, -- U.S. ----, 131 S. Ct. 2238, 2243 (2011); *United States Gypsum Co. v. National Gypsum Co.,* 74 F.3d 1209, 1212 (Fed. Cir. 1996). This presumption places the burden on the challenging party to prove the patent's invalidity by clear and convincing evidence. *Microsoft,* 131 S.Ct. at 2243; *United States Gypsum Co.,* 74 F.3d at 1212. Close questions of indefiniteness "are properly resolved in favor of the patentee." *Datamize, LLC*

*v. Plumtree Software, Inc.*, 417 F.3d 1342, 1348 (Fed. Cir. 2005); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1380 (Fed. Cir. 2001).

Claims must particularly point out and distinctly claim the invention. "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 ¶ 2. The primary purpose of the requirement of definiteness is to provide notice to those skilled in the art of what will constitute infringement. *See United Carbon Co. v. Binney Co.,* 317 U.S. 228, 236 (1942). The definiteness standard is one of reasonableness under the circumstances, requiring that, in light of the teachings of the prior art and the invention at issue, the claims apprise those skilled in the art of the scope of the invention with a reasonable degree of precision and particularity. *See Shatterproof Glass Corp. v. LibbeyOwens Corp.,* 758 F.2d 613, 624 (Fed. Cir. 1985). To rule "on a claim of patent indefiniteness, a court must determine whether one skilled in the art would understand what is claimed when the claim is read in light of the specification." *Bancorp. Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1372 (Fed. Cir. 2004). "A determination of indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims, [and] therefore, like claim construction, is a question of law." *Amtel Corp. v. Info. Storage Devices, Inc.,* 198 F.3d 1374, 1378 (Fed. Cir. 1999).

**III. Written Description**

"The specification shall contain a written description of the invention" in "full, clear, concise, and exact terms." 35 U.S.C. § 112 ¶ 1. "[T]he purpose of the written description requirement is to 'ensure that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution to the field of art as described in the patent

4

specification.'" *ICU Medical, Inc. v. Alaris Medical Sys.*, 558 F.3d 1368, 1376 (Fed. Cir. 2009) (internal citations omitted). "[T]he applicant must also convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession *of the invention*. The invention is, for purposes of the 'written description' inquiry, *whatever is now claimed*." *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991) (emphasis in original). To satisfy the written description requirement, the applicant need not exactly describe the subject matter claimed or use the same terms as used in the claims, but "the specification must contain an equivalent description of the claimed subject matter." *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997); *see also Vas-Cath*, 935 F.2d at 1563. Compliance with § 112 ¶ 1 is a question of fact. *ICU Medical*, 558 F.3d at 1376; *Vas-Cath*, 935 F.2d at 1563.

## DISCUSSION

As noted above, Defendants allege that Claims 16 and 21, as well as their respective dependent claims, are invalid as indefinite. Defendants further contend Claim 21 lacks written description.

### I. "different contact"

Defendants contend "different contact" is indefinite because neither the claim language nor specification explain what the contact is different from or how the contact is different. MTN AT 10. In particular, Defendants assert that Claim 16 "contains syntactically nonsensical language" because it requires that "at least one page" contain a "different contact." *Id.* Such ambiguous language requires the Court to guess as to what is intended by the claim term. *See id.* at 11. Defendants further argue that the term is overly broad, undermining the public notice function the claims are meant to serve. *Id.* at 12-13.

NovelPoint responds, arguing that the claim language is not syntactically nonsensical, but rather supported by the specification. RESPONSE AT 10. Citing the specification, NovelPoint points out that the "claim indicates that a different contact on the one or more pages relates to the different printed information on the plurality of pages of the book." *Id.* (citing '427 patent at 5:21-24; 3:65-4:5; 2:19-22)). NovelPoint contends that the claim term is subject to interpretation and therefore not insolubly ambiguous. *See id.* at 12.

The specification discloses that "[t]he book includes a plurality of pages having different printed information with each page containing a different contact capable of being detected by the pointer." '427 patent at 2:19-22. Such disclosure is consistent with the language of Claim 16, which reads, in part:

> (c) a book separate from the audio signal generator including a plurality of pages having different printed information and at least one page containing a different contact capable of being detected by the audio signal generator and retrieving data from the memory corresponding to the printed information of the selected page and converting the data into an audible signal.

'427 patent at 5:21-27. In light of the invention and the specification, it would be nonsensical to interpret "different contact" as anything but a distinct, separate electrical contact.[1] In the context of the specification, contacts, i.e. book resistor 106, must be different from one another; otherwise the audio signal generator could retrieve the same information from multiple contacts:

> The pointer 14 will detect the value of the resistor 106 and generate an audible signal that corresponds with the discrete printed subject matter on the selected page of the book 16. A user could then depress the bear's paw 31 and the pointer 14 against the bood [sic] resistor 106 found on *another* page of the book 16. As a result, a *second* audible signal is generated that corresponds with the text of the *next* selected page.

---

[1] The Court has already ruled out alternative types of contacts, i.e., non-electricity conducting contacts, and therefore "different contact" must refer to a different electrical contact. CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER AT 16.

'427 patent at 3:65-4:5 (emphases added); *see also* 3:15-17 ("To obtain a *specific* message corresponding to a certain page of the book 16, an impedance of book resistor 106 varies, for example, from one thousand to one million ohms.") (emphasis added). Thus, the specification reveals that an embodiment of the invention may contain a book with several pages, each page containing at least one contact, each contact different from any other contact. Thus, the Court finds that "different contact" is not insolubly ambiguous.

**II.     "display"**

Like the term "different contact," Defendants contend "display" is indefinite. MTN AT 1. In particular, Defendants argue that the word "display" provides no limits with which to interpret the scope of the term, and further, that it lacks written description because "display" is not disclosed in the specification. *Id.* at 13-18. Defendants particularly stress that the written description does not illustrate that the applicant "possessed the full scope of the invention," as recited in the claims. *Id.* at 16 (citing *LizardTech, Inc. v. Earth Resource Mapping, Inc.,* 424 F.3d 1336, 1345 (Fed. Cir. 2005)). According to Defendants, the narrow disclosure of a book as a type of display does not support the full scope of "display," or the other examples "display" connotes. *See id.* at 17.

NovelPoint asserts that the language of Claim 21 provides metes and bounds as to the type of display claimed and that the term can be understood by its plain and ordinary meaning. RESPONSE AT 19-20. Therefore, NovelPoint contends, the term is not indefinite. *See id.* at 19-20. Further, the '427 patent specification discloses a book as an example of a display, which satisfies the written description requirement. *Id.* at 21-22.

The patentee is not prohibited from broadly claiming an embodiment disclosed in the specification. *See Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1371 (Fed. Cir.

7

2009) ("[A] patent claim is not necessarily invalid for lack of written description just because it is broader than the specific examples disclosed."); *see also* M.P.E.P. § 2173.05(e) ("The mere fact that a term or phrase used in the claim has no antecedent basis in the specification disclosure does not mean, necessarily, that the term or phrase is indefinite."). The '427 patent specification describes an example of a display, providing some guidance as to the metes and bounds of the claim term. Claim 21, the only claim to disclose "display," reads in part, "a display having printed information and an electrical contact." '427 patent at 6:15. In the specification, a book is described as having both printed information and an electrical contact: "The book is separate from the audio signal generator and includes a plurality of pages having discrete printed information." [2] '427 patent at 1:60-62. The specification further states "The contact unit 104 is for use with a contact or book resistor 106 on the book 16." '427 patent at 3:6-7. Thus, the specification contemplates that book 16 is an example of the type of display claimed in Claim 21. Accordingly, one of skill in the art could determine the scope of "display" in light of the claim language and the specification.

As to written description, the specification contains the discussion of the book embodiment discussed above. Further, the '427 patent specification includes language indicating that the patentee contemplated alternate embodiments of the invention:

> The embodiments described above and shown herein are illustrative and not restrictive. The scope of the invention is indicated by the claims rather than by the foregoing description and attached drawings. The invention may be embodied in other specific forms without departing from the spirit of the invention.

'427 patent at 4:10-15. This portion highlights the fact that the claims are not necessarily limited to the embodiment disclosed. Moreover, "display" is not a technical term that requires interpretation

---

[2] Further showing that a book is a type of display is a different portion of Claim 21, which also describes the audio signal generator as "being physically separate from the display." *See* '427 patent at 6:14.

or expert opinion. The Court finds that a reasonable jury could determine that the specification includes an equivalent description, i.e., a book, of the claimed subject matter. *See Lockwood*, 107 F.3d at 1572. The question of whether the written description requirement has been met is one of fact. Therefore, the Court concludes that a genuine issue of material fact remains as to whether one of ordinary skill would deem that disclosure of a book is sufficient to claim a "display."

## CONCLUSION

In sum, the Court finds that the terms "different contact" and "display" are definite. Further, questions of fact exist as to whether the written description requirement has been met. For these reasons, Defendants' Motion for Summary Judgment of Invalidity for Indefiniteness and Lack of Written Description is **DENIED**.

**So ORDERED and SIGNED this 27th day of February, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE